IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRIS JUDAY, et al. | : | CIVIL ACTION |
| v. | : | |
| MARK T. SADAKA, et al. | : | NO. 19-1643 |

MEMORANDUM

Bartle, J.                                         October 22, 2020

This is a legal malpractice action. Plaintiffs Chris and Pat Juday sue their former attorney Mark T. Sadaka and Sadaka Associates, LLC ("Sadaka") arising out of the late filing in this court of their underlying lawsuit, Juday, et al. v. Merck & Co., et al., Civil Action No. 16-1547 (E.D. Pa.).[1] Now before the court is the motion of defendant Sadaka for summary judgment under Rule 56 of the Federal Rules of Civil Procedure on the ground that this pending action is also time-barred. Rule 56 provides for the grant of summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

---

1. Plaintiffs have also sued several other law firms and attorneys engaged by Sadaka to file the complaint or otherwise to represent the plaintiffs. These defendants are: Andrew W. Knox, Esquire; Michael S. Katz, Esquire; Lopez McHugh LLP; Joseph J. Cappelli, Esquire; Thomas J. Joyce, III, Esquire; and Marc J. Bern & Partners LLP f/k/a Bern Cappelli LLP.

In the underlying action, Chris Juday alleged that he had suffered personal injuries caused by Merck's drug Zostavax, which is designed to prevent shingles. His wife, Pat Juday, sued for loss of consortium. The undisputed facts disclosed that Chris Juday received the Zostavax vaccination on March 2, 2014 at a pharmacy in Indiana. His physician had prescribed the vaccine a week or so earlier. The record established that within a few days he experienced a rash that looked like chicken pox and had a cough as well as a lingering fever. He attributed his symptoms at that early point to the vaccine and so advised his employer. It was clear Chris Juday had information by at least March 13, 2014 that there was a reasonable probability that the Zostavax vaccine was a source of his injuries.

The complaint in the underlying action was not filed until April 5, 2016. The court granted summary judgment in favor of Merck in a Memorandum and Order, filed on April 17, 2017, on the ground that the action was barred under both the Pennsylvania and Indiana two-year statutes of limitations. The Court of Appeals affirmed. Juday v. Merck & Co., 730 F. App'x 107 (3d Cir. 2018).

The Pennsylvania statute of limitations for a legal malpractice action sounding in tort is two years.[2]  42 Pa. C.S.A.

---

2.   The three basic elements of a legal malpractice action are: (1) employment of the attorney or other basis for a duty; (2)

§ 5524; Knopick v. Connelly, 639 F.3d 600, 606 (3d Cir. 2011). The present action was filed on April 16, 2019. The question before the court is when the clock began to run. Sadaka argues that it began to run no later than June 17, 2016 when the Judays received a copy of the untimely date-stamped complaint in the underlying action. Alternatively, Sadaka contends that it began to run on January 2017 when Thomas J. Joyce, III, an attorney engaged by Sadaka, raised questions with the Judays about the timeliness of the underlying complaint. The Judays counter that the relevant starting date is April 17, 2017 when this court's Memorandum and Order granting summary judgment in favor of Merck were docketed.

The discovery in this action, taken in the light most favorable to the Judays, shows the following. Sadaka was the lawyer for the Judays when the underlying action was filed. The Judays, who lived in Indiana, first contacted him about his representing them in September 2015. They had previously been advised by lawyers in Indiana that there was a two-year statute of limitations for their claims. They were aware that any lawsuit needed to be filed by March 2, 2016, within two years after Chris Juday was injured as a result of his receipt of the

---

the failure of the attorney to exercise ordinary skill and knowledge; and (3) that such negligence was the proximate cause of damage to the plaintiff. See Kituskie v. Corbman, 714 A.2d 1027, 1029 (Pa. 1998).

Zostavax vaccine.  There is undisputed evidence that on several occasions in late 2015 or early 2016 the Judays had contacted Sadaka's office and urged that the action be commenced by that deadline.  At her deposition, Pat Juday also testified that during later conversations in 2016 with assistants of Sadaka she was told on several occasions that the firm had obtained a 30-day extension of the statute of limitations into early April.  There is also evidence from the files of the Sadaka firm that a paralegal told Pat Juday in February 2016 that the statute of limitations deadline was tentatively April 8, 2016.  Sadaka himself has confirmed that he and an associate had determined that the time for filing did not expire until that date.

      Sadaka, who at that time was admitted to practice in New Jersey but not in Pennsylvania, engaged Michael Katz, a lawyer with the firm of Lopez McHugh LLP, to enter his appearance and file the underlying complaint in Juday, et al. v. Merck, et al., in this court.[3]  It was Sadaka who told Katz that the action needed to be instituted on or before April 5, 2016.  After Katz filed the complaint on that date, he did not immediately send a copy to Sadaka or to the Judays.  It was not until June 17, 2016 that the Judays in Indiana received a copy

---

3. In addition to Michael Katz, the complaint also contained the name of Andrew Knox, an attorney with Lopez McHugh LLP.

of the filed complaint.  The copy showed the filing date as April 5, 2016.[4]

In January 2017, Joyce, an attorney with the Bern Cappelli firm, travelled to Indiana to represent the Judays whose depositions were to be taken by Merck in the underlying lawsuit.  The Bern Cappelli firm had been brought into the case by Sadaka to participate in place of Michael Katz.  According to the Judays, Joyce informed them during a break at the depositions that extensions to file a complaint after the limitations period had run cannot be granted.  Pat Juday responded that he was wrong based on what Sadaka's office had advised her.  In any event, Joyce purportedly told them that he believed the complaint to have been timely filed in early April 2016 based on the fact that it was not until early April 2014 when Mr. Juday's infectious disease doctor indicated a link between his health and the vaccine.

---

4.  At the request of Sadaka, Michael Katz and Andrew Knox of Lopez McHugh LLP withdrew their appearances on behalf of the Judays on July 11, 2016 and July 12, 2016, respectively.  On July 7, 2016, pursuant to an agreement with Sadaka, Joseph Cappelli of the firm of Bern Ripka Cappelli entered his appearance in place of Michael Katz.  On December 5, 2016, Thomas J. Joyce, III of Bern Cappelli, LLP also entered his appearance on behalf of the Judays.  On May 11, 2017, Michael Katz of Lopez McHugh LLP reentered his appearance as the Judays' lawyer at the direction of Sadaka to handle the appeal of this court's order granting summary judgment in favor of Merck.  It was not until July 3, 2018 that Sadaka entered his appearance.  This was after the Court of Appeals had affirmed this court's order granting summary judgment.

Under Pennsylvania law, the statute of limitations begins to run when the claim for relief accrues, that is when the injury takes place or in the case of legal malpractice when a breach of duty occurs.  Fine v. Checcio, 870 A.2d 850, 857 (Pa. 2005); Knopick v. Connelly, 639 F.3d 600, 607 (3d Cir. 2011).  The breach of duty here occurred when Sadaka failed to have the underlying complaint filed before the statute of limitations expired.  The Pennsylvania Supreme Court has cautioned that "[m]istake, misunderstanding, or lack of knowledge in themselves do not toll the running of the statute." Id.  Nonetheless, tolling may occur if the requirements of the discovery rule or the doctrine of fraudulent concealment are met.

The discovery rule is applicable where the injured party is unable "despite the exercise of reasonable diligence" to "know that he is injured and by what cause."  Id. at 858.  This exception to the running of the statute does not fit the situation here as the Judays knew from virtually the outset about Chris Juday's injury and the March 2, 2016 deadline for the filing of the complaint against Merck.

The other exception allowing for tolling of the statute of limitations derives from the doctrine of fraudulent concealment.  This doctrine, grounded in estoppel, provides:

> the defendant may not invoke the statute of limitations, if through fraud or concealment, he causes the plaintiff to relax his vigilance or deviate from his right to inquiry into the facts.

Id. at 860.

The Pennsylvania Supreme Court has emphasized that fraud as used in this context is not limited to the intent to deceive but includes an unintentional deception. Id. While a court determines whether an estoppel results from established facts, it is for the jury to decide whether the statements alleged to constitute fraud or deception were made. Id.

The Judays, as noted, were well aware from at least within a few days of his vaccination that the statute of limitations was two years and began to run on March 2, 2014, the date Mr. Juday was inoculated with the Zostavax vaccine. Nonetheless, according to Pat Juday, the Sadaka law firm later advised her that a 30-day extension into early April had been obtained. There is evidence that Sadaka believed the statute of limitations deadline was in April 2016 and that this information was communicated to the Judays. Joyce also purportedly informed them in January 2017 that he thought the underlying complaint was timely filed, although for a reason different than the one advanced by Sadaka's office. It is for a jury to decide what was said, whether a deception occurred and if so whether the Judays reasonably relied on it.

Where fraudulent concealment has occurred in a legal malpractice action, the statute ceases to be tolled when the injured party knows or reasonably should know when a breach of duty occurred.  See Knopick, supra at 607; Fine, supra at 861.  Sadaka argues that tolling ended on June 17, 2016 when the Judays received a copy of the complaint date-stamped April 5, 2016, which was more than two years after Chris Juday's vaccination with Zostavax on March 2, 2014.  However, the evidence presented by the Judays about what the Sadaka office and Joyce told them undercuts this argument, if that evidence is believed.  Alternatively, in his reply brief, Sadaka contends that the statute began to run in January 2017 because Joyce told the Judays at that time the extension of time to file the underlying suit was "bullshit."  While Sadaka denies that his assistant advised the Judays about his office obtaining an extension of time or that the Judays' version of their conversation with Joyce is correct, the court cannot resolve these factual disputes on a motion for summary judgment.

If the Judays are believed as to what Sadaka's assistant said to them about the statute of limitations and as to what Joyce later reassured them, the statute of limitations ceased to be tolled as to Sadaka when the Judays learned about this court's decision granting the motion of Merck for summary judgment in the underlying action on the ground that the

complaint was filed too late. The court's Memorandum and Order were docketed on April 17, 2017 although the Judays were not notified of the court's decision until several weeks later by letter dated May 2, 2017 from Joseph Cappelli, an attorney engaged by Sadaka. Clearly, at least by the time the Judays received notice, the clock began to tick. Even so, the complaint in this action was filed on April 16, 2019 within two years after the court's April 17, 2017 decision ending the underlying action and within two years after the May 2, 2017 letter. Thus the action would be timely under either of these scenarios.

    There exist genuine disputes of material fact for a jury to resolve. Accordingly, the motion of defendant Sadaka for summary judgment on the ground that this action is time-barred as to him will be denied.