IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRIS JUDAY, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MARK T. SADAKA, et al. | : | NO. 19-1643 |

MEMORANDUM

Bartle, J.                                             October 29, 2020

        Plaintiffs Chris and Pat Juday ("the Judays") sue their former attorneys in this legal malpractice action arising out of the late filing of their underlying lawsuit, Juday, et al. v. Merck & Co., et al., Civil Action No. 16-1547 (E.D. Pa.).

        Now before the court is the motion of defendants Marc J. Bern & Partners LLP (formerly known as Bern Cappelli LLP), Joseph J. Cappelli, Esquire, and Thomas J. Joyce, III, Esquire ("the Bern defendants") for summary judgment under Rule 56 of the Federal Rules of Civil Procedure on the ground that the undisputed facts demonstrate that the Judays cannot make out a claim of legal malpractice against them.[1]  Rule 56 provides for the grant of summary judgment "if the movant shows that there is

---

1.    The other defendant attorneys and law firms sued in this action are: Mark T. Sadaka, Esquire; Sadaka Associates, LLC; Andrew W. Knox, Esquire; Michael S. Katz, Esquire; and Lopez McHugh LLP.  The court has denied the separate motion of defendants Mark T. Sadaka and Sadaka Associates, LLC for summary judgment.

no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Plaintiffs oppose this motion and have filed an accompanying motion to defer judgment or dismiss the Bern defendants' motion for summary judgment pursuant to Rule 56(d) of the Federal Rules of Civil Procedure.

I.

As set forth in more detail in the previous decisions of this court regarding the Judays' claim against Merck and subsequent claim against their attorneys,[2] the following facts are undisputed.  In the underlying action, Chris Juday alleged that he had suffered personal injuries caused by Merck's drug Zostavax, which is designed to prevent shingles.  His wife, Pat Juday, sued for loss of consortium.  Chris Juday received the Zostavax vaccination on March 2, 2014 in Indiana, and within a few days he experienced a rash that looked like chicken pox and had a cough as well as a lingering fever.  He attributed his symptoms at that early point to the vaccine and so advised his employer.  It was clear Chris Juday had information by at least March 13, 2014 that there was a reasonable probability that the Zostavax vaccine was a source of his injuries.

---

2.   See Juday v. Sadaka, Civil Action No. 19-1643, 2019 WL 4139089 (E.D. Pa. Aug. 30, 2019); Juday v. Merck & Co., Civil Action No. 16-1547, 2017 WL 1374527 (E.D. Pa. April 17, 2017).

However, the complaint in the underlying action was not filed until April 5, 2016. At the time, the Judays were represented by the Sadaka defendants. Joseph Cappelli did not enter his appearance on behalf of the Judays until July 7, 2016 and Thomas Joyce did not do so until December 5, 2016. The Bern defendants appeared on behalf of the Judays on request of Mark Sadaka. They were not involved in drafting or filing the complaint. The Bern defendants represented the Judays at their depositions taken by Merck, as well as at Merck's deposition of Andrea Compton, the nurse practitioner who saw Chris Juday for his injuries.[3] The Bern defendants also filed opposing briefs and argued against Merck's motion for summary judgment on the statute of limitations.

On April 17, 2017, this court granted summary judgment in favor of Merck on the ground that the action was barred under both the Pennsylvania and Indiana two-year statutes of limitations. Juday v. Merck & Co., Civil Action No. 16-1547, 2017 WL 1374527 (E.D. Pa. April 17, 2017). The Court of Appeals affirmed. Juday v. Merck & Co., 730 F. App'x 107 (3d Cir. 2018).

---

3. The Bern defendants also represented the Judays at the depositions of Tracey Ikerd, M.D. and Jon Van Scyoc, M.D. taken by Merck in the underlying matter.

The Judays filed the present action on April 16, 2019 against the various attorneys and law firms, including the Bern defendants, who had represented them in the underlying matter. The Judays bring a claim for legal malpractice based on the attorneys' late filing of the complaint and alleged failure to take appropriate discovery to provide a basis for the tolling of the statute of limitations in opposition to Merck's motion for summary judgment.[4]

As noted above, the Bern defendants, unlike the Sadaka defendants, were not involved in filing the complaint in the underlying matter.  Indeed, they did not enter appearances until months after the complaint was filed.  The Judays concede that the Bern defendants did not play a role in the untimeliness of the underlying complaint.  Instead the Judays argue that the Bern defendants were deficient in conducting discovery and arguing in opposition to Merck's motion for summary judgment on the issue of tolling of the statute of limitations. Specifically, the Judays fault the Bern defendants for not obtaining discovery from Merck concerning what it knew and told medical providers about the medical causation between Zostavax

---

4.   The complaint also included a count for legal malpractice sounding in contract and unjust enrichment, both of which this court dismissed on August 30, 2019 following a motion of the Bern defendants to dismiss.  The remaining count is for legal malpractice sounding in tort against all defendants.

and chicken pox.  The Bern defendants counter that there is no evidence that would have allowed for the tolling of the statute of limitations in the underlying case.

This court ordered in its September 19, 2019 scheduling order in this case that all fact discovery related to defendants' acts and omissions related to the underlying case proceed and conclude by February 28, 2020.  The deadline for this phase of discovery was later extended in subsequent scheduling orders.  During this period, further discovery was taken, including the deposition of Pat Juday on May 5, 2020.  In that deposition, Pat Juday testified that the Judays knew that they needed to file a claim against Merck and that they had to do so by March 2016 because they had two years from the date of the injury.  She stated that she had several conversations with the Sadaka firm in early 2016 that time to file was running short.  She further testified that the Judays diligently pursued this litigation once it became clear Chris Juday was not getting better.

In March 2014, not long after Chris Juday was vaccinated with Zostavax, Pat Juday had a conversation with Andrea Compton, the nurse practitioner who had seen Chris Juday for his injuries, about the possibility that Zostavax was the cause of Chris Juday's symptoms.  Ms. Compton testified at her January 24, 2017 deposition in the underlying matter that one of

her nurses contacted Merck about the Zostavax vaccine and Chris Juday's illness.

Pat Juday, in her May 2020 deposition, testified that Ms. Compton told her that Merck had no recorded cases of chicken pox from the vaccine. Ms. Juday unequivocally stated that there was nothing that Andrea Compton or Merck said that caused her or her husband to delay the filing of the lawsuit. She explained that any delay was not due to any lack of information linking chicken pox to Zostavax that prevented them from pursuing the suit.

II.

Under Pennsylvania law, the discovery rule or the doctrine of fraudulent concealment may toll the running of the statute of limitations. See Fine v. Checcio, 870 A.2d 850 (Pa. 2005); see also Ciccarelli v. Carey Canadian Mines, Ltd., 757 F.2d 548 (3d Cir. 1985). As previously found in the opinion of this court in the underlying matter, the discovery rule is not applicable since the undisputed facts show that the Judays had at least an "unrebutted suspicion" of Chris Juday's injuries from the Zostavax vaccine by March 13, 2014. See Juday v. Merck & Co., Civil Action No. 16-1547, 2017 WL 1374527, at *5 (E.D. Pa. April 17, 2017).

The doctrine of fraudulent concealment estops a defendant from invoking the statute of limitations when the

-6-

defendant "through fraud or concealment . . . causes the plaintiff to relax his vigilance or deviate from his right of inquiry into the facts." Fine, 870 A.2d at 860. Fraud can be "in the broadest sense, which includes an unintentional deception." Id. However, there must be an affirmative action on the part of a defendant to induce the plaintiff to delay filing suit in order to toll the running of the statute of limitations. Ciccarelli, 757 F.2d at 556. The burden is on the plaintiff to prove this doctrine by clear and convincing evidence. Fine, 870 A.2d at 860.

There is nothing in the record to show any fraud or deception on the part of Merck that it affirmatively misled or acted to induce the Judays to delay filing the underlying action. It is irrelevant for preset purposes what Merck knew or said about the causation between Zostavax and chicken pox. For fraudulent concealment to toll the statute of limitations, it is essential that the Judays relied upon a deception by Merck. Pat Juday testified that there was none.

As it turned out, since no fraudulent or deceptive concealment occurred on the part of Merck in the underlying action, there was nothing more for the Bern defendants to have discovered and argued in opposition to summary judgment. Thus, there is no fact in the record to support a legal malpractice

claim against the Bern defendants.[5]  Accordingly, this court will grant the motion of the Bern defendants for summary judgment.

### III.

Plaintiff has filed a motion to defer judgment on this motion pursuant to Rule 56(d) of the Federal Rules of Civil Procedure.  Rule 56(d) provides that a nonmovant must show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition."  The court may then defer considering the motion, deny the motion, allow time for further discovery, or issue any other appropriate order.  Fed. R. Civ. P. 56(d).

The party that claims further discovery is needed must include in its affidavit "what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained." Dowling v. City of Phila., 855 F.2d 136, 139-40 (3d Cir. 1988).  The court should consider the procedural history of the case to decide whether the nonmovant has had adequate opportunity to obtain discovery. Id. at 138-39.  "If discovery is incomplete in any way material to a pending summary judgment motion, a district court is

---

5.  The three basic elements of a legal malpractice action are: (1) employment of the attorney or other basis for a duty; (2) the failure of the attorney to exercise ordinary skill and knowledge; and (3) that such negligence was the proximate cause of damage to the plaintiff.  See Kituskie v. Corbman, 714 A.2d 1027, 1029 (Pa. 1998).

justified in not granting the motion." Doe v. Abington Friends Sch., 480 F.3d 252, 257 (3d Cir. 2007).

The Judays submit a declaration by their attorney in the present action pursuant to Rule 56(d) which states that further discovery is needed to show liability in the underlying action and that expert reports and testimony are necessary to address the standard of care for the legal malpractice claim. This declaration, however, does not include any further discovery or information that is needed to determine whether there was fraudulent concealment on the part of Merck that the Bern defendants failed to discover and argue in opposition to the running of the statute of limitations.

No further fact discovery or expert opinion can undo the controlling fact that nothing on the part of Merck caused the Judays to relax their vigilance or delay filing the complaint.  Since there was no fraudulent concealment, no further action on the part of the Bern defendants could have been undertaken to establish tolling so as to defeat Merck's motion for summary judgment.  Consequently, the motion of the Judays to defer judgment or dismiss the motion of the Bern defendants for summary judgment under Rule 56(d) is without merit and will be denied.