IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRIS JUDAY, ET AL. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MARK SADAKA, ESQ., ET AL. | : | NO. 19-1643 |

MEMORANDUM

Bartle, J.                                                    October 5, 2023

This is a legal malpractice action sounding in tort.

Back in 2016, Plaintiffs Chris Juday and his wife Pat
Juday, citizens of Indiana, sued Merck & Co., Inc. and Merck
Sharp and Dohme Corp. ("Merck") in a products liability action
in this court.  Chris Juday alleged that he suffered from
chicken pox as a result of receiving Zostavax, Merck's vaccine
designed to prevent shingles.  This Court granted Merck's motion
for summary judgment on the ground that the action was barred by
the statute of limitations.  The Court of Appeals affirmed.
Juday v. Merck & Co., Inc., Civ. A. No. 16-1547, 2017 WL 1374527
(E.D. Pa. Apr. 17, 2017), aff'd, 730 F. App'x 107 (3d Cir.
2018).

Thereafter, plaintiffs brought this action against
defendants Mark T. Sadaka, Esq. and Sadaka Associates, LLC, who
had represented them in the underlying action.  The defendants
have now moved for summary judgment pursuant to Rule 56 of the

Federal Rules of Civil Procedure.  Rule 56 of the Federal Rules of Civil Procedure provides that "the Court shall grant summary judgment if the movant shows that there is no dispute as to any material fact and the movant is entitled to judgment as a matter of law."  See Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

I

Under Pennsylvania law, plaintiffs in a legal malpractice case must prove not only that their attorneys committed professional negligence but also that plaintiffs would have been successful in the underlying action had the professional negligence not occurred.  Thus, plaintiffs must prove a case within a case.  As the Supreme Court of Pennsylvania held in Kituskie v. Corbman, 714 A.2d 1027, to prevail in such a case in tort a plaintiff must establish:

> 1) employment of the attorney or other basis for a duty;
>
> 2) the failure of the attorney to exercise ordinary skill and knowledge; and
>
> 3) that such negligence was the proximate cause of damage to the plaintiff.

Id. at 1029 (Pa. 1998).

The defendants here do not contest for present purposes that they failed to file the underlying action within the time required.  Defendants contend they are entitled to

summary judgment because plaintiffs have come forward with no evidence which would have enabled them to prevail against Merck in the underlying product liability action.

The parties do not dispute that this legal malpractice action is governed by the law of the forum state, that is by Pennsylvania law and its choice of law rules.  See Klaxon Co. v. Stentor Elec. Mfg. Co., Inc., 313 U.S. 487 (1941).  Nor do the parties dispute that Pennsylvania would apply the substantive law of Indiana to the underlying action.[1]  It is in Indiana where the plaintiffs live and where Chris Juday, after consultation with his physician, was inoculated with the Zostavax vaccine at a local pharmacy. Indiana has a strong interest in this matter while Pennsylvania has at best a minimal interest.  See Melville v. Am. Home Assurance Co., 584 F.2d 1306, 1311 (3d Cir. 1978); Griffith v. United Air Lines, Inc., 203 A.7d 796 (Pa. 1964);

The Indiana Legislature has enacted the Indiana Product Liability Act ("IPLA").  Ind. Code §§ 34-20-1-1 et seq. It governs all actions by a user or consumer against a manufacturer or seller for physical injury caused by its product.  The IPLA recognizes only three causes of action; (1) manufacturing defect; (2) design defect; and (3) failure to

---

[1]    The Third Circuit has assumed that Pennsylvania would adopt the doctrine of depecage so that the laws of different states may apply to different issues in a single case.  Berg Chilling Sys. v. Hull Corp., 435 F.3d 455, 462 (3d Cir. 2006).

provide adequate warnings or instructions.  With respect to design defect or failure to warn, the plaintiff must establish that the manufacturer or seller failed to exercise reasonable care under the circumstances.  Id. at 34-20-2-2.  The IPLA only applies strict liability in the case of a manufacturing defect. Id. at 34-20-2-3.

II

In the complaint in the underlying action, plaintiffs pleaded counts for: (1) negligence in the design, research, manufacture, marketing, packaging, and sale of Zostavax; (2) design defect; (3) failure to warn; (4) breach of express warranty; (5) breach of implied warranty; (6) fraudulent misrepresentation; (7) negligent misrepresentation; (8) unjust enrichment; and (9) loss of consortium.  The counts for breach of express warranty, breach of implied warranty, fraudulent misrepresentation, negligent misrepresentation, and unjust enrichment all fail as they are not encompassed within the IPLA.[2] Likewise, the claim for design defect and for failure to warn to the extent they are grounded in strict liability are not recognized under Indiana law.  That leaves the strict liability claim for a manufacturing defect, the design defect and failure

---

[2] The fraudulent misrepresentation claim in the underlying action was dismissed by Stipulation and Order before the Court dismissed the entire action as untimely.  Juday v. Merck & Co., Inc., Civ. A. No. 16-1547 (Doc. # 18).

to warn claims based on negligence, and the derivative claim of Pat Juday for loss of consortium.

To establish a manufacturing defect, the plaintiff must prove that Zostavax "fails to conform to plans and specifications as a result of a manufacturing defect." Schultz v. Ford Motor Co., 822 N.E. 2d 645, 649 (Ind. Ct. App. 2005), rev'd on other grounds, 857 N.E. 2d 977 (Ind. 2006). Plaintiffs have pointed to no fact or expert evidence to support this claim. Thus, there can be no genuine dispute of any material fact. Defendants' motion for summary judgment as to plaintiffs' manufacturing defect claim will be granted.

Likewise, plaintiffs have come forward with no evidence, either fact or expert, that Zostavax was the subject of a design defect. Under the IPLA, the plaintiff must prove that the manufacturer or seller "failed to exercise reasonable care under the circumstances in designing the product," Ind. Code § 34-20-2-2. A plaintiff must show "that another design not only could have prevented the injury, but also was cost-effective under general negligence principles." Pries v. Honda Motor Co., 31 F. 3d 543, 546 (7th Cir. 1994). No such evidence has been called to the court's attention. Consequently, the defendants are entitled to summary judgment on this count.

Plaintiffs in the underlying action further alleged a claim for failure to warn. The IPLA requires that the party

alleging the failure to provide adequate warnings or
instructions must prove that the defendant failed to exercise
reasonable care under the circumstances "in providing the
warnings or instructions."  Ind. Code § 34-20-2-2.

Under Indiana law, the learned intermediary doctrine
applies to this claim.  The manufacturer of a prescription
medication such as Zostavax has a duty to warn only physicians
and not consumers of the risks of the medication.  Ziliak v.
AstraZeneca LP, 324 F.3d 518, 521 (7th Cir. 2003).  A plaintiff
may only prevail if there is evidence that a different warning
would have altered the physician's behavior as to whether or not
to prescribe the medication or otherwise change the course of
treatment.  Id.  Chris Juday's physician was deposed but said
nothing on the subject of the warning.  Plaintiffs have simply
not produced any factual or expert proof that the Zostavax
warning was inadequate.  The Court will grant summary judgment
in favor of defendants on this claim.

Finally, plaintiff Pat Juday brought a loss of
consortium claim in the underlying action.  Since that claim is
derivative of the other claims which do not survive, her loss of
consortium claim likewise does not survive.

In response to defendants' motion for summary
judgment, plaintiffs argue for the first time that summary
judgment should be denied because the defendants committed legal

-6-

malpractice for not suing Chris Juday's physician or the
pharmacy where he received his inoculation. This eleventh hour
argument needs little discussion.  Plaintiffs did not sue these
non-parties in the underlying action or even imply that they had
done anything amiss.  Plaintiffs solely blamed Merck.
Paragraphs 85 and 87 of the underlying complaint make this point
clearly:

> 85. Notwithstanding Merck's knowledge of the
> defective condition of its product, Merck
> failed to adequately warn the medical
> community and consumers of the product,
> including plaintiff Chris Juday and his
> healthcare providers, of the dangers and
> risk of harm associated with the use and
> administration of its Zostavax vaccine.
>
> .   .   .
>
>  87. The product was defective when it left
> the possession of Merck in that it contained
> insufficient warnings to alert plaintiff
> Chris Juday and/or his healthcare providers
> to the dangerous risks and reactions
> associated with it, including possible viral
> infection of the nervous system or another
> disease of the nervous system.

Complaint at ¶¶ 85,87, <u>Juday v. Merck & Co., Inc.</u>, Civ. A. No.
16-1547 (E.D. Pa.) (Doc. # 1).

        Accordingly, the Court will grant summary judgment in
favor of defendants and against the plaintiffs.  There are no
material facts, let alone genuine disputes of any material fact,

that prove the plaintiffs' underlying claims.  Defendants are entitled to judgment as a matter of law.